# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> Plaintiff, <br><br> vs. <br><br> **JOSHUA JENSEN** <br><br> Defendant. | **CASE NUMBER: 2:22CR43-001** <br> **USM Number: 97441-509** <br><br> **ROXANNE MENDEZ JOHNSON - FCD** <br> **DEFENDANT'S ATTORNEY** |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count 1 of the Indictment on November 10, 2022.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:2251(a) PRODUCTION OF CHILD PORNOGRAPHY | March 2022 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

February 21, 2023
Date of Imposition of Judgment

s/ Philip P. Simon
Signature of Judge

Philip P. Simon, United States District Judge
Name and Title of Judge

February 22, 2023
Date

Case Number: 2:22CR43-001
Defendant: JOSHUA JENSEN                                                                                   Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **240 months.**

The Court makes the following recommendations to the Bureau of Prisons:

    That the defendant be permitted to participate in the RDAP Program while incarcerated.

    That the defendant be incarcerated at the federal facility of Butner Federal Medical Center.

The defendant is REMANDED to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

                                                                                               UNITED STATES MARSHAL

                                                              By: _____
                                                                   DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) years.**

Within 72 hours of the judgment or after the defendant's release from the custody of the Bureau of Prisons, defendant shall report in person to the nearest United States Probation Office for this district between the hours of 8:00 a.m. and 4:30 p.m. While the defendant is on supervision pursuant to this judgment, the defendant shall comply with the following conditions:

## MANDATORY CONDITIONS OF SUPERVISION

1. Defendant shall not commit another federal, state or local crime.

2. Defendant shall not unlawfully use, possess, or distribute a controlled substance.

3. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter for use of a controlled substance

4. Defendant shall cooperate in the collection of DNA as directed by the probation officer.

5. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq), as directed by the probation officer, the Bureau of Prisons, and any state sex offender registration agency in which he resides, works, or is a student, or was convicted of a qualifying offense.

## DISCRETIONARY CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following discretionary conditions:

1. The defendant shall not knowingly leave the federal judicial district without the permission of the court or probation officer. The probation office will provide a map or verbally describe the boundaries of the federal judicial district at the start of supervision.

2. The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. Thereafter, the defendant shall report to the probation officer in the manner and as frequently as reasonably directed by the court or probation officer during normal business hours.

3. The defendant shall not knowingly answer falsely any inquiries by the probation officer. However, the defendant may refuse to answer any question if the defendant believes that a truthful answer may incriminate him.

4.  The defendant shall follow the instructions of the probation officer as they relate to the conditions as imposed by the court. The defendant may petition the Court to seek relief or clarification regarding a condition if he believes it is unreasonable.

5.  The defendant shall make reasonable effort to obtain and maintain employment at a lawful occupation unless he is excused by the probation officer for schooling, training, or other acceptable reasons such as childcare, elder care, disability, age or serious health condition.

6.  The defendant shall notify the probation officer at least ten days prior to any change in residence or any time the defendant leaves a job or accepts a job. In the event that a defendant is involuntarily terminated from employment or evicted from a residence, the offender must notify the Probation Officer within forty-eight (48) hours.

7.  The defendant shall not knowingly and intentionally be in the presence of anyone who is illegally selling, using or distributing a controlled substance and if such activity commences when he is present, the defendant must immediately leave the location.

8.  The defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be engaged or planning to be engaged in criminal activity.

9.  The defendant shall permit a probation officer to visit him at any time at home or any other reasonable location between the hours of 8:00 a.m. and 10:00 p.m. and shall permit confiscation of any contraband observed in plain view by the probation officer.

10. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

11. The defendant shall not enter into any agreement to act as an informant for a law enforcement agency without the permission of the court.

12. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

13. The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing for the detection of alcohol, controlled substances, or illegal mood-altering substance, if necessary after evaluation at the time of release. The defendant shall pay all or part of the costs for participation in the ordered program not to exceed his ability to pay for it. Failure to pay due to financial inability to pay shall not be grounds for revocation.

14. Defendant shall not knowingly consume alcohol and shall submit to random blood-alcohol or breathalyzer testing. The defendant shall pay the costs of this testing if financially able to do so.

15. The defendant shall participate in a mental health program approved by the United States Probation Office, if necessary after evaluation at the time of release. The defendant shall pay all or part of the costs for participation in the ordered program not to exceed his ability to pay for it. Failure to pay due to financial inability to pay shall not be grounds for revocation.

**Conditions relating to sex offenders**

16. The defendant shall, if required to register under the Sex Offender Registration and Notification Act, submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

17. Defendant shall not knowingly and intentionally: (1) go to places where children under the age of 18 congregate; or (2) associate or have verbal, written, telephonic, or electronic communication with any children under the age of 18 without the prior permission of the probation officer. This condition does not encompass children under the age of 18 with whom defendant must deal to obtain ordinary and usual commercial services.

18. The defendant shall participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders. This may include sex-offender group and/or individual counseling. The defendant shall comply with all of the requirements and restrictions of that program and pay the costs associated with this rehabilitative program if financially able to do so. Failure to pay due to financial inability to pay shall not be grounds for revocation.

19. Defendant must allow the probation officer, or designee, to install computer monitoring software on any computer (as defined in 18 U.S.C. 1030(e)(1)) and cell phone he uses. The Defendant must pay the cost of the monitoring software and installation, if financially able to do so, at the monthly contractual rate.

Based on a thorough review of the defendant's financial condition as detailed in the presentence report, the Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

The defendant shall pay to the United States a total special assessment of $100, which shall be due immediately. (18 U.S.C. §§ 3013.)

Case Number: 2:22CR43-001
Defendant: JOSHUA JENSEN                                                                 Page 6 of 7

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100 | NONE | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No restitution imposed.

Name: <u>JOSHUA JENSEN</u>
Docket No.: <u>2:22CR43-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____
Defendant                                                          Date


_____     _____
U.S. Probation Officer/Designated Witness              Date